Mr. Justice Scott delivered the opinion of the Court. The indictment in this case is liable to the same objection which we have sustained against that in the case of The State vs. Minyard, in the opinion just delivered. But the Attorney General submits, that, inasmuch as the defendants below pleaded guilty in the Circuit Court, they thereby waived all objections to the indictment. The law has been long settled otherwise. No confession, however large and explicit, can have any such effect. (1 Chitty on Cr. Law, page 431, 662-3.) The defendants here but confess themselves guilty in 'manner and form as charged against them in the indictment, and, if no offence against the the law is charged, they have not confessed themselves guilty of any. But if the confession was still broader and embraced a crime, when the indictment fell short of it, and punishment followed, it would be the punishment of a crime not proceeded f»r by indictment. And in civil pleading, this principle is equally well settled in the doctrines touching the distinctions between stating no title or a defective title on the one hand, and stating a good title or cause of action defectively on the other. The judgment of the Circuit Court in this case must be reversed, because no offence is charged in the indictment, and the cause must be remanded, that a new indictment may be preferred to the Grand Jury. Dig., p. 403, sec. 104.